**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 18-10-DLB-CJS

UNITED STATES OF AMERICA                                                                                     PLAINTIFF

vs.                                       **AMENDED MEMORANDUM ORDER**

ADAM C. VANCE                                                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the United States' Motion in Limine (Doc. # 18), wherein the United States seeks to admit certain evidence and exclude any argument or evidence related to the alleged negligence of U.S. Bank.  On June 7, 2018, the Court held a Pretrial Conference, during which the Court ordered Defendant Adam C. Vance to file a written response to the United States' Motion in Limine on or before June 13, 2018. (Doc. # 20).  Defendant having failed to file a response, the United States' Motion in Limine is now ripe for the Court's review.  For the reasons that follow, the United States' Motion in Limine (Doc. # 18) is hereby **granted.**  The United States may introduce the requested background evidence and the Defendant is precluded from introducing any argument or evidence related to the alleged negligence of U.S. Bank.

**I.     ANALYSIS**

    **A.     Standard of Review**

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States,* 469 U.S. 38, 41 n.

4 (1984))."The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure, and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions in limine—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner,* 173 F.3d 966, 970 (6th Cir. 1999); *see also United States v. Huff,* No. 10-CR-73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011).

    **B.    The evidence sought to be admitted is proper background evidence and is not subject to the restrictions of Federal Rule of Evidence 404(b).**

The United States seeks to admit evidence that on October 3, 2017, the Defendant applied for a personal loan on a line of credit that the Defendant's great-grandfather, Charles Spriggs, maintained with U.S. Bank. (Doc. # 18 at 2). The Defendant allegedly transferred the loan proceeds to a joint checking account managed by Charles Spriggs and his wife, Selena Spriggs. *Id.* To retrieve the funds, the Defendant accessed the account with a debit card issued to Charles Spriggs. *Id.* The United States also seeks to admit evidence that the Defendant allegedly forged checks made payable to the Defendant and drawn on Charles Sprigg's checking account. *Id.*

The United States argues that this evidence is inextricably intertwined with the crimes charged and is, therefore, admissible as background evidence. *Id.* Specifically, the United States argues that the evidence completes the story of the fraud the Defendant perpetrated—where the money in the account came from and who the money went to. *Id.* at 3. The Court agrees.

Federal Rule of Evidence 404(b) prohibits evidence of "other crimes, wrongs, or acts … to prove the character of a person in order to show action in conformity therewith." FRE 404(b). In essence, evidence of other crimes cannot be admitted "to invite the jury to infer that because [the Defendant] committed the prior acts, he [is] guilty of the charged offense." *United States v. Joseph*, 270 F. App'x 399, 405 (6th Cir. 2018). However, there are instances were evidence of other crimes committed by the Defendant is admissible evidence and not subject to the restrictions of 404(b). *Id.* "Res gestae" evidence, more properly referred to as background evidence, is one type of such evidence. *Id*.

Background evidence includes evidence of acts that "are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Id.* The Sixth Circuit has explained that background evidence is admissible "as long there is an adequate 'causal, temporal, or spatial connection with the charged offense.'" *Id.* (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

Here, the Court finds that the evidence sought to be admitted by the United States is admissible background evidence. In this case, the Defendant has been charged with several counts of access device fraud in violation of 18 U.S.C. § 1029(a)(5), and aggravated identity theft in violation of 18 U.S.C. § 1028A. Evidence that the Defendant applied for a loan on Sprigg's account, transferred the loan proceeds into that account, accessed the account using a debit card issued to Sprigg's, and forged checks to withdraw money from the account "completes the story of the charged offenses." *Id.* The Court finds that the acts share adequate "causal, temporal, or spatial connection" with the charged offenses such that the acts are properly considered background evidence. *Id.*

3

Accordingly, the proffered evidence is not FRE 404(b) evidence. Rather, it is admissible as permissible background evidence.

    **C.    Argument or evidence relating to U.S. Bank's alleged negligence will not be permitted at trial.**

The United States also seeks to exclude any evidence or argument that U.S. Bank was negligent in allowing the Defendant's fraud to occur. The Defendant has been charged with several counts of access device fraud in violation of 18 U.S.C. § 1029(a)(5), and aggravated identity theft in violation of 18 U.S.C. § 1028A. The United States argues that evidence relating to any alleged negligence of U.S. Bank should be excluded because such evidence does not negate any of the elements of access device fraud or aggravated identity theft. (Doc. # 18 at 4). Again, the Court agrees.

A lender's negligence cannot be used to excuse criminal fraudulent behavior. "A victim's negligence is not a defense under the federal fraud statutes." *United States v. Frenkel*, 682 F. App'x 20, 22 (2d Cir. 2017) (citing *United States v. Thomas*, 377 F.3d 232, 240-43 (2d Cir. 2004)). The Second Circuit in *Frenkel* found that evidence of a victim's negligence negates none of the elements of wire fraud. That is because "two wrongs do not make a right, and lender's negligence, or even, intentional disregard, cannot excuse another's criminal fraud." *United States v. Lindsey*, 850 F.3d 1009, 1014 (9th Cir. 2017). The same analysis holds true here. Evidence of U.S. Bank's alleged negligence negates none of the elements of access device fraud or aggravated identity theft. Therefore, the Defendant is precluded at trial from presenting any argument or evidence relating to the U.S. Bank's alleged negligence.

## II. CONCLUSION:

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) The proffered evidence of the United States is **admissible** background evidence and is not subject to the restrictions of Federal Rule of Evidence 404(b);

(2) The United States' Motion in Limine (Doc. # 18) is hereby **granted** and all evidence and argument pertaining to U.S. Bank's negligence is **excluded.**

This 25th day of July, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2018\18-10 Order granting DE 18.docx